OPINION
Joycelyn Steffen appeals from a judgment of the Greene County Common Pleas Court, Domestic Relations Division, ordering her to remit $52,000 from a certain investment account to Barbara Louise Steffen and pay $1000 attorneys fees from the account to Barbara Louise Steffen.
Barbara and Alfred Dean Steffen were divorced in 1979. Pursuant to the final divorce decree, Alfred was obligated to pay alimony to Barbara for her lifetime or until she remarried. Paragraph 5 of the Decree of Divorce provided as follows:
 Defendant [Alfred] shall provide an insurance policy in the amount of Fifty-Two Thousand ($52,000.00) Dollars on his life and payable to Plaintiff [Barbara] as beneficiary, shall supply evidence thereof as requested by Plaintiff, and shall keep same in full force and effect so long as he is required to pay alimony as set forth herein.
In 1995, Barbara and Alfred reached an agreement with respect to a motion to terminate or reduce spousal support that Alfred had filed. Pursuant to an Agreed Entry filed on October 25, 1995, the amount of Alfred's spousal support (formerly alimony) obligation was modified. In addition, the parties further agreed that "Paragraph #5 of the Final Decree regarding Life Insurance shall remain in effect."
On July 28, 1999, Barbara filed a "Motion to Show Cause" in which she asked the trial court to order Alfred to appear and show cause why he should not be held in contempt for failure to provide evidence that he was maintaining in force the required life insurance policy. On February 1, 2000, Barbara filed a motion in which she again asked the court to find Alfred in contempt for failure to provide evidence of the required life insurance policy. In addition, she moved for an order "[r]estraining the Defendant, Alfred D. Steffen, from removing, transferring or distributing those funds in the Payne Webber [sic] Retirement Account, . . ., to the extent of $52,000.00" and "[r]equiring the Defendant, Alfred D. Steffen, so long as he is alive and Plaintiff has not died or re-married, that he name as beneficiary the Plaintiff, Barbara L. Steffen, to the extent of $52,000.00 of his Payne Webber [sic] Retirement Account. . . ."
On February 10, 2000, the trial court's magistrate issued a Decision and Order continuing the matter at the request of counsel for both parties in order for Alfred "to obtain the proper life insurance coverage or otherwise secure the obligation owed to the Plaintiff [Barbara]." The magistrate's order further stated that Alfred was "restrained from transferring, spending, encumbering, or otherwise disposing of assets including but not limited to the Paine-Webber account. The Defendant [Alfred] will be permitted to spend funds from his assets for normal living expenses only."
Following a hearing on March 17, 2000, the magistrate issued a further Decision and Order on March 24, 2000. The magistrate found that Alfred had not provided Barbara with evidence that he was maintaining in force the required life insurance policy and that he currently did not have in force the required policy. The magistrate further found that Alfred had sufficient assets from which he could secure the $52,000.00 obligation, but had failed to do so. The magistrate recommended that the trial court find Alfred in contempt and that it impose a thirty-day jail sentence and $250.00 fine on him. The magistrate further recommended that Alfred be permitted to purge himself of the contempt by securing the $52,000.00 obligation to Barbara from his current assets or by providing the required life insurance policy.
In addition, the magistrate found that it was likely that Alfred would transfer or otherwise encumber assets he currently owned; thus, the magistrate recommended that the trial court issue an order to Alfred restraining him from transferring, encumbering, or otherwise disposing of any of his assets. The magistrate recommended that Alfred be permitted to use his assets to make monthly payments of spousal support to Barbara, but that no other use of his assets be permitted until further order of the court.
On April 6, 2000, Alfred filed a "Motion to Reconsider" the magistrate's decision. Specifically, Alfred objected to that portion of the magistrate's decision that restrained him from disposing of any of his assets, including his pension, except to pay his spousal support obligation. Alfred argued that his sole source of financial support was his pension, that he was in poor health, and that he required income to pay his health and other living expenses. Alfred argued that by withholding all income from him, the magistrate's order was arbitrary, unreasonable, and capricious (i.e., an abuse of discretion). Alfred asked the trial court to modify the magistrate's order by permitting him to "expend funds for `normal living' expenses including health care expenses."
The trial court treated Alfred's "Motion to Reconsider" as an objection to the magistrate's "Decision and Order" of March 24, 2000. The trial court overruled Alfred's objection and adopted the magistrate's decision and order as its own, stating that Alfred's "current state of health is precisely why the Magistrate issued the March 24th Decision and Order' and that Alfred's "remedy is clear, he can comply with the Magistrate's Decision and Order."
Alfred appealed the judgment of the trial court and we affirmed the trial court in Steffen v. Steffen (February 2, 2001), Greene App. 2000-CA-42. In the appeal, Alfred contended that the provision in the decree requiring him to maintain life insurance in favor of Barbara was an invalid provision. We overruled that assignment of error because Alfred had failed to raise that objection to the magistrate's decision and we did not find that the trial court's judgment constituted plain error. We noted the following in our opinion:
 We do not find that the trial court committed plain error in finding Alfred to be in contempt of court for failing to comply with the divorce decree's provision concerning life insurance. The provision in the divorce decree that Alfred now challenges has operated in this case since 1979 and was reaffirmed by an agreed entry between the parties in 1995. Principles of res judicata preclude Alfred from now challenging the lawfulness of that provision. Moreover, we do not find the provision in question to be unlawful. This court has previously held that "[i]t is within the trial court's discretion to order that one spouse maintain a life insurance policy for the other spouse's benefit." Jump v. Jump (October 13, 1993), Montgomery App. Nos. 13714, 13965, unreported.
On January 16, 2002, Alfred died survived by his second wife, Joycelyn Steffen. Prior to his death, Alfred transferred his assets from the Paine Webber account to an account with Suntrust Securities. On March 7, 2001, he transferred those assets to Joycelyn Steffen in an account with National Financial Services, Inc.
On July 21, 2001, Barbara filed a Motion for a Restraining Order asking the trial court to essentially freeze fifty-two thousand dollars ($52,000) of any funds maintained in accounts held with the National Financial Services Company in the name of Alfred or his widow, Joycelyn Steffen ("Joycelyn"). The trial court filed its Entry Granting Restraining Order on the same date, July 12, 2001, stating Alfred's estate, Joycelyn, and National Financial Services Company were restrained from "moving, selling, giving away, transferring, disposing of, or encumbering fifty-two thousand dollars ($52,000.00) from any account in the name of the Defendant or the Defendant's wife, Joycelyn Steffen, which is being held in the National Financial Services Company account."
On August 27, 2001, Barbara filed a Motion for Court to Order Payments of Proceeds in Lump Sum to Comply with Previous Order. In the motion, Barbara alleged funds formerly in an account in Alfred's name were in an account in Joycelyn's name with Fidelity Service Company, dba Fidelity Investments. Barbara alleged she should be paid a lump sum from those funds in the amount of fifty-two thousand dollars ($52,000), plus attorney fees and court costs, pursuant to Paragraph 5 of the Judgment and Decree of Divorce. The Motion for Court to Order Payments of Proceeds in Lump Sum to Comply with Previous Order contained a Notice of Hearing section in which a hearing date of September 21, 2001, was listed.
Barbara caused a summons to be issued to Joycelyn by certified mail for her appearance at the September 21, 2001, hearing. The trial court records reflect the certified mail directed to Joycelyn was signed for on September 4, 2001, by another individual. Counsel for Joycelyn filed an Entry of Appearance and reservation of Defenses on September 21, 2001, the date of the hearing. Joycelyn, through counsel, objected at the hearing that she had not been made a party to the case. Over that objection, Barbara's counsel was permitted to call Joycelyn as a witness. During the hearing on September 21, 2001, Barbara requested, for the first time, that Joycelyn be added as a party to the action.
The trial court filed its Decision and Entry Ordering Payment of Funds Pursuant to Judgment and Order of Divorce on October 3, 2001. The trial court stated that "[a]fter considering the evidence and testimony presented, this Court finds that Alfred Steffen is deceased and that the Defendant Joycelyn Steffen is a party to this action." The trial court ordered Joycelyn to pay one thousand dollars ($1,000) in attorney's fees to Barbara. The trial court further ordered the total judgment of fifty-three thousand dollars ($53,000) be paid from proceeds of the sale of holdings in Joycelyn's accounts in a very specific manner. This timely appeal from the Decision and Entry Ordering Payment of Funds Pursuant to Judgment and Order of Divorce followed.
In her first assignment of error, Joycelyn Steffen argues the trial court erred in granting judgment against her when she was never made a party pursuant to Civ.R. 75(B)(1). That rule provides:
 A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant.
In support of her assignment, Joycelyn cites our opinion in Button v.Button (May 9, 1997), Montgomery App. 16122.
In Button, Karen Button sought to recover a substantial arrearage of spousal support from her former husband, Donald Button. Karen Button alleged that Donald Button transferred his business and some real property to a Pamela Saum to avoid his spousal support obligations. Karen Button moved the court to join Pamela Saum as a party-defendant in the case on February 23, 1995. An order from the court was filed that same date granting the motion. Id.
Following a series of filings that included numerous questions about exactly what was served upon Pamela Saum, a hearing was set for July 18, 1995, on Karen Button's Motion for Contempt and other Relief. A summons was apparently served upon Pamela Saum for the hearing. A letter from Pamela Saum's attorney was presented at the hearing:
 The letter stated that "[r]ecently, [Pamela Saum] was served with a Summons and various Motions in Niagara, Wisconsin out of the Court of Common Pleas of Montgomery County, Ohio, Division of Domestic Relations." The letter further indicated that Saum would not appear at a July 18, 1995 hearing in Dayton, that she was not a resident of Ohio, that Ohio had no personal jurisdiction over her, and that she did not intend to submit to the jurisdiction of the Ohio court.
The magistrate presiding over the hearing did not rule in favor of Karen Button due to the magistrate's questions about the court's jurisdiction to do so. Id.
The trial court did grant Karen Button's requested relief after a hearing on her objections to the magistrate's decision. The trial court found that Pamela Saum was a third party defendant in the case, and that she was properly served but failed to appear at the hearing. The court found Pamela Saum was a constructive trustee of assets transferred to her without consideration from Donald Button. The trial court issued a judgment against Pamela Saum and Donald Button in the amount of the arrearage. This Court found the procedures utilized by Karen Button failed to provide due process to Pamela Saum:
 Due process problems abound in this case. The trial court's order, upon Karen Button's motion, that Saum be made a party-defendant in the action was not self-executing. Karen Button was yet required to take the steps necessary to accomplish that joinder.
 Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant. . . ." (Emphasis added). A complaint is a pleading that sets forth a claim for a form of relief which the court is authorized by law to grant. Pursuant to Civ.R. 8(A), "[a] pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."
Civ.R. 4(A) requires that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." Civ.R. 4(B) requires, inter alia, that the summons state the time period in which the defendant is required to appear and defend. Further, "[a] copy of the complaint shall be attached to each summons." Id.
 None of these fundamental requirements for initiating an action against Saum were satisfied in this case. No form of complaint setting forth a short and plain statement of Karen Button's claim for relief against Saum and demand for judgment on that claim was ever filed. Moreover, no summons attaching such a complaint has been issued by the clerk nor served on Saum. Instead, Karen Button attempted to proceed against Saum simply by way of motion, without having instituted an action against her, and eventually obtained a judgment against Saum via that approach. Due process of law does not permit a judgment to be rendered against Saum in such a cursory fashion.
Id. (Emphasis added).
Joycelyn argues that her due process rights were violated because she was not served with a complaint and given the opportunity to respond to the action pursued by Barbara Steffen.
Barbara argues that Button can be distinguished because unlike Button
Joycelyn appeared and was given a full opportunity to defend the claim that she was a constructive trustee of monies transferred to her by her deceased husband. In support of her argument she cites us to the case ofDormitzer v. Dormitzer (October 21, 1985), Montgomery App. CA-9083. In that case, Virginia Dormitzer, former spouse of deceased Charles Dormitzer, joined the new spouse, Betty Dormitzer, as a defendant pursuant to Civ.R. 75(B)(1) contending she was a constructive trustee of certain insurance proceeds for the benefit of Virginia. We upheld the trial court's order that Betty Dormitzer remit the insurance proceeds. We stated the following:
 In support of these alleged errors, the appellant argues that no hearing was conducted and that no evidence was taken prior to the order issued on September 20, 1984 or prior to the amended order issued on October 9, 1984, but the appellant also admits in her brief that the matter was referred to the trial court for hearing on June 5, 1984 at 3:30 p.m., at which time both parties were present through counsel. Furthermore, there is no suggestion in the record that counsel was denied the right to submit evidence at the hearing on June 5, 1984. Hence, the record fails to portray the alleged claim of a lack of due process prior to the entry of the order of September 20, 1984, and the subsequent amended order of October 9, 1984 did no more than procedurally implement the enforcement of the previous order.
The Dormitzer case is distinguishable from the matter sub judice because Virginia Dormitzer did join Betty Dormitzer as a party defendant when she learned that Charles had made Betty the beneficiary of the Veterans Administration policy. In other words, Virginia fully complied with the provisions of Civ.R. 75(B)(1).
In this case, Joycelyn was served with the motion in the same manner she would have been served with a complaint. Although someone else signed for receipt of the certified letter, such service is sufficient when the receipt is signed by any person at an address reasonably calculated to give notice to the defendant. Schroeder v. Virgil-EscaleraPerry (C.P. 1965), 76 Ohio Misc.2d 25. The civil summons informed Joycelyn that the motion would be heard on September 21, 2001 less than twenty-eight days from the date it was served. It was served on August 30, 2001. It did inform Joycelyn that a default judgment could be rendered against her if she failed to appear.
Joycelyn appeared at the appointed time with counsel and she raised an objection that she had not been made a party so that no order could be issued against her. In effect, Joycelyn argued she could not be subject to answering a motion when she wasn't a party to the underlying action. The affirmative defense of insufficiency of process is specifically provided for in Civ.R. 12(B)(5). That rule makes clear that a defendant who wishes to assert any of the defenses set forth in Civ.R. 12(B)(1) through (B)(7) has two options. He may ignore the proceedings and then challenge the judgment as void, or appear in the action and assert jurisdictional defenses as well as defenses on the merits. JeffersonPlace Condominium v. Naples (1998), 125 Ohio App.3d 394.
In light of our ruling in Button v. Button, supra, we are constrained to find Joycelyn's assignment well taken. Barbara's "motion" did not comply with the requirements of Civ.R. 75(B)(1). Indeed the motion did not expressly request that Joycelyn be made a party. It also provided Joycelyn less than 28 days to answer the pleading. As a stranger to the Steffen divorce, Joycelyn was entitled to due process before being required to disgorge $52,000 from the brokerage account.
The result we reach is disquieting in light of the contemptuous actions of Alfred in ignoring the trial court's order to provide the $52,000 in the event of his death to Barbara. She has made a strong case that Joycelyn holds those funds as a constructive trustee for Barbara. This procedural glitch perhaps merely delays the inevitable. The first assignment of error however must be sustained.
In her second assignment, Joycelyn argues that the trial court erred in ordering her to pay $1,000 in attorneys fees to Barbara Steffen when she was never made a party to the lawsuit and when there was no basis for making such an award.
Barbara argues that the trial court made Joycelyn a party before the fee award was entered, and even if that were not the case, the order was the result of an order previously issued against Alfred Steffen who was a party to this controversy. Barbara argues that since the funds in the brokerage account were the object of the equitable powers of the trial court, the court properly held that the holder of the funds, Joycelyn, should pay the attorneys fees previously ordered against Alfred.
We have reviewed the trial court's previous judgment where it found Alfred in contempt for failing to keep the insurance policy in force in favor of Barbara. The trial court could have awarded attorneys fees in favor of Barbara in that contempt proceeding but it did not do so.
Ohio Revised Code section 3105.18(H) provides:
 In divorce or legal separation hearings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
Even if we were to agree with Barbara that Joycelyn was a party at the time the attorneys' fee award of $1000 was made against Joycelyn and in favor of Barbara, there was no evidence that she was a constructive trustee of any fund but the $52,000. Alfred was not previously ordered to pay attorneys fees and Joycelyn was not found in contempt of court for disobeying a court order when she was a party. There was no evidence. Barbara could not litigate her suit without the fee award and no evidence was taken as to reasonableness of the fees awarded. The appellant's second assignment of error is Sustained.
In her third assignment, Joycelyn argues that the original order requiring Alfred to maintain a life insurance policy with Barbara as beneficiary was unlawful.
Barbara appropriately argues that this assignment must be overruled because this argument was rejected in this court's previous appellate opinion in February 2001. We specifically rejected Alfred's claim that the court's order that he maintain the life insurance in favor of Barbara was unlawful. No appeal was taken from that appellate judgment. Barbara's claim that Alfred could not be subjected to such an order is barred by res judicata. The third assignment of error is overruled.
The judgment of the trial court is Affirmed in part, Reversed in part, and Remanded for further proceedings.
GRADY, J., and YOUNG, J., concur.